Paul Gattone
State Bar # 012482
LAW OFFICE OF PAUL GATTONE
3012 S. Convent
Tucson, Arizona 85701
(520) 623-1922
gattonecivilrightslaw@gmail.com
**Attorney for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council and Kara Williams, <br><br> Plaintiff, <br><br> vs. <br><br> Janice Forwood, Clarendon Fourplex LLC and Pro Smart Realty. <br><br> Defendants, | No. <br><br> **CIVIL RIGHTS COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Kara Williams, through counsel undersigned, who hereby alleges as follows against Defendants Janice Forwood, Pro Smart Realty and Clarendon LLC.

**INTRODUCTION**

1. Plaintiff was the renter and former tenant of an apartment owned and managed by Defendants. Defendants, the owner, and managers of an apartment complex in Phoenix, Arizona, discriminated against her based on familial status and sexual orientation by providing differing information regarding rental terms and policy to families with children and because Plaintiff is a lesbian and had her girlfriend move in with her.

- 1 -

2. Southwest Fair Housing Council (SWFHC) is a non-profit entity registered as such with the State of Arizona which works to insure the right to fair housing for people, regardless of race, national origin, disability, familial status, sex, sexual orientation and gender identity.

3. Plaintiffs bring this lawsuit seeking compensation for losses caused by Defendants' violation of Ms. William's fair housing rights and for a diversion of Southwest Fair Housing Council's resources to investigate and advocate for Ms. Williams' fair housing rights. Plaintiffs seek declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of familial status and sexual orientation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3602; Ariz. Rev. Stat. § 41-1491 et seq.; A.A.C. R10-2-103; and/or other state and common law causes of action.

**PARTIES**

4. Plaintiff SWFHC is a non-profit organization with its principal office located at 177 North Stone, Suite 1104, Tucson, AZ 85701.

5. SWFHC is a non-profit organization that provides comprehensive services to achieve and preserve equal access to housing for all people in the State of Arizona by eliminating housing discrimination and creating open, accessible, and inclusive communities.

6. To this end, SWFHC provides various services, including (a) information to the public and other nonprofit organizations in the State of Arizona about fair housing laws via classes, workshops, presentations and informational tables at events; (b) intake counseling to individuals and organizations regarding allegations of housing discrimination; (c) testing and other investigations of allegations of housing discrimination; (d) legal referrals to cooperating attorneys; (e) assistance with the preparation and filing of administrative housing discrimination complaints; and (f) post-referral

litigations support services.  SWFHC provides these services free of charge and without regard to income.

7. SWFHC also conducts testing investigations for government law enforcement agencies, provides technical assistance to nonprofit organizations engaging in fair housing enforcement activities, and engages in policy initiatives that further the SWFHC's mission, including the publication and dissemination of reports and educational materials.

8. SWFHC employs "Testers" who are individuals who pose as prospective renters, home buyers, residents, and the like for the purpose of obtaining information about the conduct of local governments, landlords, real estate agents, companies, and others to determine if illegal housing discrimination is taking place.

9. SWFHC expended staff time and other resources to investigate and respond to Defendants' discriminatory practices, which diverted resources away from other SWFHC activities.

10. Defendant Janice Forwood is the owner and manager of the unit in question in this matter and is a licensed realtor with Defendant Pro Smart Reality and was acting in that capacity during the events described herein.

11. Defendant Clarendon LLC is a limited liability corporation incorporated in the State of Arizona.

12. Defendant Pro Smart Reality is a licensed real estate company located in Phoenix, Arizona.

13. Defendants' discriminatory rental practices frustrated SWFHC's mission that provides comprehensive services to achieve and preserve equal access to housing for all people by, among other things, disabled prospective residents.

14. Kara Williams is a resident of Maricopa County and all the events described herein took place in Maricopa County.  At all times described in this complaint she rented an apartment unit that was owned and managed by Defendants.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state and local law.

## STATEMENT OF FACTS

16. In March of 2019 Plaintiff signed a lease to live at 2437 7E. Clarendon, Unit 2 in Phoenix, Arizona.

17. The unit is a two (2) bedroom townhouse that would house Plaintiff and her children. The children would only be staying in the unit part-time.

18. In mid-April of 2019 Plaintiff's girlfriend moved into the unit.

19. On or about April 23, 2019, Defendant Forwood came to Plaintiff's unit and informed Plaintiff that she did not want Plaintiff's girlfriend staying in the unit,

20. Defendant Forwood also informed Plaintiff that it "would not workout with the kids" staying in the unit.

21. Plaintiff had asked her girlfriend to move into the unit to assist with the care of her children.

22. Plaintiff asked to have her girlfriend added to her lease, but this request was denied, and no legitimate reason was offered for this refusal other than the fact that Defendant Forwood "did not feel comfortable" with the situation.

- 4 -

23. Defendant Forwood then asked if Plaintiff's girlfriend was employed to which Plaintiff responded that she was.

24. Despite receiving this information, Defendant Forwood told Plaintiff that she did not think that Plaintiff could pay the rent without receiving child support.

25. During her time in the unit Plaintiff had never been behind or late with the rent or other financial obligations required to move into the unit.

26. During this email exchange Defendant Forwood stated to Plaintiff that "You may be better off in a three (3) bedroom house for five (5) people."

27. Later, Defendant Forwood informed Plaintiff that her the situation with her girlfriend and three (3) children living in the unit "would not work out for me."

28. At that point Defendant Forwood informed Plaintiff that she wanted her and her family out of the unit by the end of May 2019.

29. Plaintiff and her family vacated the unit on June 23, 2019.

30. Plaintiff contacted the SWFHC to make a claim of housing discrimination against Defendants.

31. SWFHC staff opened a file on this complaint and began their investigation of this complaint.

32. At one point two SWFHC staff members were communicating with Plaintiff and were actively investigating Plaintiff's claim.

33. SWFHC also prepared and submitted a fair housing complaint with the City of Phoenix Office of Equal Opportunity on their and Plaintiff Williams' behalf.

**34.** SWFHC had to divert resources from their other operations to investigate and advocate for Plaintiff and her fair housing rights.

. **COUNT ONE**

(Violations of the Fair Housing Act Against All Defendants)

35. Plaintiffs restate sand incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

36. This action is brought to enforce the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, et seq.

37. Defendants own and lease dwellings within the meaning of U.S.C. § 3602(b), which includes "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families."

38. The FHA provides that it is illegal "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling…because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

39. Defendants violated FHA by, inter alia, providing different privileges to individuals based on their familial status and sexual orientation.

40. Defendants' actions required Plaintiff Southwest Fair Housing Council to expend and divert resources from their other programs to investigate and intercede in the violations of Plaintiff Williams'.

41. Plaintiffs are aggrieved persons within the meaning of 42 U.S.C. § 3602(i), and have been injured by the Defendants' discriminatory conduct, and have suffered damages, including diversion of resources and frustration of mission, as a result.

42. Accordingly, Plaintiff s are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs pursuant to the FHA, 42 U.S.C. § 3613(c).

**COUNT TWO**
(Violation of Ariz. Rev. Stat. § 41-1491 et seq. Against All Defendants)

43. Plaintiff s restate and incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

44. At all times relevant to this action, the Arizona Fair Housing Statute, A.R.S. § 41-1491 et seq. has been in full force and effect and has applied to Defendants' conduct.

45. At all times relevant to this action, Defendants' facilities have been dwellings within the meaning of Ariz. Rev. Stat. § 41-1491(7).

46. Pursuant to Ariz. Rev. Stat. § 41-1491.14, it shall be unlawful to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling…because of race, color, religion, sex, familial status or national origin."

47. Defendants discriminated on the basis of familial status and sexual orientation by offering different rental terms and conditions in violation of Ariz. Rev. Stat. § 41-1491.14.

48. The Arizona Fair Housing Statute extends standing and relief to any aggrieved person. Ariz. Rev. Stat. § 41-1491.31. Plaintiffs are an aggrieved person as defined by A.R.S. § 41-1491(1)(a).

49. Plaintiffs are therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendants' discriminatory conduct, including diversion of resources and frustration of mission, as hereinbefore alleged pursuant to Ariz. Rev. Stat. § 41-1491.31.

50. Plaintiffs are further entitled to an award of punitive damages pursuant to Ariz. Rev. Stat. § 41-1491.33.

51. Plaintiff s are further entitled to an award of reasonable attorneys' fees and court costs.  Ariz. Rev. Stat. § 41-1491.33.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiffs ask that this court grant them the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have discriminated in violation of FHA.

b. Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies individuals meaningful access to and full and equal enjoyment of Defendants' rental properties based on familial status and sexual orientation.

c. Order Defendants:

   i. To develop, implement, promulgate, and comply with a policy prohibiting future discrimination against individuals based on familial status and sexual orientation,

      ii. To train all their employees, staff, and other agents on a regular basis about the rights of individuals with disability under the FHA.

      iii. To implement a program of testing Defendants' employees, staff, and other agents to determine whether they are complying with the requirements of the FHA.

a. Award to Plaintiffs:

    i. Compensatory damages pursuant to the FHA and Arizona Fair Housing Statute.

    ii. Punitive damages pursuant to the FHA and Arizona Fair Housing Statue.

    iii. Reasonable cost and attorneys' fees pursuant to the FHA and Fair Housing Statute.

    iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law.

    v. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that a jury may award.

REPECTFULLY SUBMITTED this 7th day of June 2021.


      s/Paul Gattone
      Paul Gattone
      Attorney for Plaintiffs