**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council, et al., | No. CV-21-00990-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Janice Forwood, et al., | |
| Defendants. | |

Before the court is Defendant ProSmart Realty's Motion for Summary Judgment (Doc. 31). Plaintiffs have not responded to the Motion, and the time to do so has passed.[1] For the reasons that follow, the Motion will be granted.

On June 7, 2021, Plaintiffs Southwest Fair Housing Council and Kara Williams filed a Complaint alleging violations of the federal Fair Housing Act ("FHA") and the Arizona Fair Housing Act ("AFHA") against Defendants Janice Forwood, Clarendon Fourplex LLC, and ProSmart Realty. (Doc. 1). Ms. Williams alleges that she "was the renter and former tenant of an apartment owned and managed by Defendants," who "discriminated against her based on familial status and sexual orientation by providing

---

[1] Pursuant to LRCiv 56.1(d), Plaintiffs' initial response deadline was July 15, 2022. Defendant moved for summary disposition on July 28, 2022 when Plaintiffs failed to respond. (Doc. 39). The following day, Plaintiffs filed a response stating that their failure was due to a calendaring error and requesting an extension. (Doc. 40). The Court thus gave Plaintiffs until September 12, 2022 to respond. (Doc. 46). Nonetheless, Plaintiffs have once again failed to respond, and Defendant has again moved for summary disposition. (Doc. 48).

differing information regarding rental terms and policy to families with children and because [Ms. Williams] is a lesbian and had her girlfriend move in with her." (Doc. 1 at 1). The Complaint further alleges that "Defendant Janice Forwood is the owner and manager of the unit in question in this matter and is a licensed realtor with Defendant Pro Smart [Realty] and was acting in that capacity during the events described herein." (Doc. 1 at 3).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id*. at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

Here, Defendant ProSmart's Motion asserts that it has no involvement in the events giving rise to this case, as Defendant Forwood's management of the property at issue was outside the scope of her employment as a realtor with ProSmart. (Doc. 31 at 2). Defendant ProSmart submits affidavits from its Designated Broker, Mike Schweikardt, and Defendant Forwood, both of whom aver that ProSmart had no involvement with the property or lease involved in this case. (Docs. 32-1, 32-2). Plaintiff, having failed to respond, has set forth no facts to dispute this issue.[2]

"The FHA is governed by traditional vicarious liability rules . . . ." *Holley v. Crank*, 400 F.3d 667, 670 (9th Cir. 2005). Under the traditional rule, a principal or employer "is vicariously liable for acts of their agents or employees in the scope of their

---

[2] The allegations in Plaintiffs' Complaint may not be considered because it was not a verified complaint. *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Moreover, "in interpreting the [AFHA], Arizona state courts follow federal court interpretations because the [AFHA] was modeled after the [FHA]." *Sottile v. Watermark Ret. Cmtys. Inc.*, No. CV-15-02584-PHX-DJH, 2018 WL 6318351, at *6 (D. Ariz. July 23, 2018); *see also Cooke v. Town of Colorado City*, 934 F. Supp. 2d 1097, 1106 (D. Ariz. 2013) (applying the same vicarious liability standard to both an FHA and AFHA claim). Accordingly, the Court analyzes Defendant ProSmart's vicarious liability for the two counts of Plaintiffs' Complaint together under the traditional vicarious liability rule.

There is no factual dispute that Defendant Forwood was not acting within the scope of her authority or employment with Defendant ProSmart when she took the actions alleged to be discriminatory. There is no dispute that Defendant ProSmart is a realty company that does not engage in property management, that Defendant Forwood's property management was separate from her employment with ProSmart, that ProSmart did not receive any rent from the property rented to Ms. Williams, that ProSmart was not a party to any transaction related to the property, that ProSmart had no control over the property, that ProSmart did not give Defendant Forwood any authority to act on its behalf with respect to the property, and that ProSmart has never had any interaction with Ms. Williams. As a matter of law, Defendant ProSmart is not vicariously liable for any alleged violation of the FHA or AFHA by Defendant Forwood, and the Complaint sets forth no other basis for ProSmart's liability. Accordingly,

**IT IS ORDERED** that Defendant ProSmart Realty's Motion for Summary Judgment (Doc. 31) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant ProSmart Realty accordingly.

**IT IS FURTHER ORDERED** that Defendant ProSmart Realty's Second Motion for Summary Disposition (Doc. 48) is **denied as moot**.

///

///

**IT IS FURTHER ORDERED** that Defendant ProSmart Realty may file a motion for attorneys' fees to which it believes it is entitled in accordance with Fed. R. Civ. P. 54(d)(2) and LRCiv 54.2 no later than **October 4, 2022**.

Dated this 20th day of September, 2022.

Honorable Steven P. Logan
United States District Judge